IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FLETA ANN LYNN                                                              PLAINTIFF

vs.                              Civil No. 1:25-cv-01067

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                    DEFENDANT

**MEMORANDUM OPINION**

Fleta Ann Lynn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background**

Plaintiff protectively filed her disability application for DIB on September 11, 2023.  (Tr.

14).  In this application, Plaintiff alleges being disabled due to severe back pain, kidney cancer,

high blood pressure, degenerative disc disease, spinal stenosis, nerve impairment, osteoarthritis,

bulging disc, and bowel obstruction.  (Tr. 180).  Plaintiff alleged an onset date of August 1, 2015.

(Tr. 14).  This application was denied initially and again upon reconsideration.  *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The
transcript pages for this case are referenced by the designation "Tr" and refer to the document filed
at ECF No. 9.   These references are to the page number of the transcript itself and not the ECF
page number.

After this denial, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 78-145). Plaintiff's administrative hearing was held on August 5, 2024. (Tr. 29-47). Plaintiff was present and was represented by Randolph Baltz at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Lionel Bordelon testified at this hearing. *Id.*

On August 26, 2024, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 14-23). In this decision, the ALJ found Plaintiff last met the insured requirements of the Act on December 31, 2018. (Tr. 16, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her onset date of August 1, 2015, through her last date insured. (Tr. 16, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: history of kidney cancer, degenerative disc disease, degenerative joint disease, and sciatica. (Tr. 16, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 17, Finding 4).

In this decision, the ALJ indicted she evaluated Plaintiff's subjective allegations and determined her Residual Functional Capacity ("RFC"). (Tr. 17-22, Finding 5). Specifically, the ALJ found Plaintiff retained the RFC to perform light work in an indoor/outdoor controlled environment with no work above the shoulders. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ determined Plaintiff had no PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 22, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) hand packager with approximately 585,270 jobs in the nation, (2) wrapper/counter with approximately

2

60,880 jobs in the nation, and (3) cleaner with approximately 360,000 jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled at any time from August 1, 2015, through the date last insured of December 31, 2018. (Tr. 23, Finding 11).

Plaintiff requested the Appeals Council's review the ALJ's unfavorable disability determination. On July 22, 2025, the Appeals Council declined to review the ALJ's disability determination. (Tr. 2-6). On September 3, 2025, Plaintiff filed the present appeal. ECF No. 3. The Parties have consented to the jurisdiction of this Court. ECF No. 5. This case is now ready for decision.

## 2.    **Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least

one year and that prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

3.    **Discussion**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 11, Pgs. 3-19. Specifically, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in the RFC determination and (2) the ALJ erred in

considering her subjective complaints of pain. *Id.* Upon review, the Court finds the ALJ did not fully consider her subjective complaints when evaluating her disability. Accordingly, the Court will only address this issue for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor if the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). If the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based the credibility determination almost entirely upon the fact that Plaintiff's subjective complaints were not supported by her medical records. (Tr. 17-22). The ALJ did not provide sufficient reasons for discounting Plaintiff's subjective allegations. Although the ALJ did reference *Polaski,* to conduct the proper *Polaski* analysis, "[m]erely quoting *Polaski* is not good enough, especially when an ALJ rejects a claimant's subjective complaints of pain." *Hall v. Chater*, 62 F.3d 220, 223 (8th Cir. 1995). Instead, "*Polaski* requires that an ALJ give full consideration to all of the evidence presented relating to subjective complaints." *Ramey v. Shalala*, 26 F.3d 58, 59 (8th Cir. 1994).

Based upon this review, the Court finds the ALJ's assessment of Plaintiff's subjective complaints was improper. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints during the relevant time period, this case must be reversed and remanded.

**4.**    <u>**Conclusion**</u>

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence in the record.  As such, this case is reversed and remanded for further findings consistent with this opinion.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

This Court reverses and remands only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints. This opinion should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.

**ENTERED this 7th day of May 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE